### Application of Vernon J. VOGEL.
### Patent Appeal No. 8937.

United States Court of Customs and Patent Appeals.
May 24, 1973.

Howard E. Moore, Dallas, Tex., Sidney W. Russell, Arlington, Va., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Robert Edmonds, Oakton, Va., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, and ALMOND, Senior Judge.

ALMOND, Senior Judge.

This is an appeal from the decision of the Patent Office Board of Appeals af-firming the rejection of claims 1 and 2 of appellant's application.[1] No claims are allowed.

In his brief before the board appel-lant describes his invention with refer-ence to Figure II, excerpted, and Figure IV as follows·

A multiple position valve [is dis-closed] having an inlet passage 2 and outlet passages 5 and 9 such that rotatable plug 16 may be positioned to direct fluid through passage 20 to passage 19 to outlet passage 9 or through passage 19 to outlet 5. The passage 21 is closed by a resilient seal plug 22 slidably disposed therein, which has an annular head or flange 23 thereon which substantially fits in the recess 24 in passage 21 such that, as illustrated in Figure II, pres-sure of fluid entering the cavity 22a on extension 22c on the inner side of resilient seal plug 22 will move and press same outwardly to seal the arcu-ate surface 22b across the opening leading to the outlet passage 5. When the plug 16 is rotated in a counter-clockwise direction from the position shown in Figure II, the lateral passage 19 is brought into alignment with the inlet passage 2 and outlet passage 5 so that fluid may flow therethrough while resilient seal plug 22 is disposed over the outlet passage 9 and is forced into sealing engagement thereabout so that communication between the inlet passage 2 and the outlet passage 9 is closed off.

An indexing lug 28, arranged to al-ternately contact the shoulders 27a and 27b, to limit the extent of rotation of plug 16, is provided on the outer end of plug 16. When the lug 28 contacts the shoulder 27b the transverse pas-sage 19 is in alignment with the outlet passage 9, and when lug 28 contacts shoulder 27a the passage 19 is in align-ment with inlet passage 2 and outlet passage 5.

Claims 1 and 2, the only claims, are reproduced below:

1. In a valve, a hollow body having an inlet passage and a plurality of out-let pasages; a transverse bore inter-secting the inlet and outlet passages; a rotatable plug disposed in the trans-verse bore; a transverse passage ex-tending through the plug; aligned transverse passages extending through the plug and intersecting the first

1. Serial No. 628,904 filed April 6, 1967.

named transverse passage at substantially right angular relationship thereto; a resilient seal plug having a portion slidably extending and floating freely in one of the aligned transverse passages, and having a head thereon, arranged to be pressed and sealed about the openings to the outlet passages to close same when the plug is rotated to a position where the seal plug overlies the openings to said passages; slidable seals disposed about the plug and sealing between the plug and the wall of the transverse bore on opposite sides of the passages through the plug; and means to limit the rotation of the plug in the bore in both directions to selectively align the resilient seal plug with the outlet passages and selectively place the inlet passage in communication with the outlet passages.

2. The combination called for in Claim 1 wherein the means to limit rotation of the plug in the bore comprises, a relieved area in the end of the bore providing spaced shoulders therein, and a stop lug on the inner end of the plug arranged to contact the shoulders to limit rotation of the plug in both directions.

The references relied upon by the board are:

Strudel (Switzerland)  29,018  October 1, 1903
Suczek (Austria)  57,684  February 10, 1918
Lecq (France)  1,139,404  July 1, 1957

Suczek discloses a multiple outlet valve shown in cross section in its Fig. 2 below:

The valve includes a hollow body having a rotatable plug (b) with passages which may be arranged to alternately direct the fluid to either outlet passage (bottom and left). Radially movable sealing element (d) mounted in a plug recess (c) seals the outlet not used and pressurized fluid entering plug passage (g) acts to urge the sealing element against that outlet to prevent leakage. In order to insure the seal being effective where back-pressure in the outlet may occur, conical pin (k) is provided. That pin exerts force on an extension (m) attached to the sealing element to exert additional bias on the sealing element.

Lecq discloses a single outlet valve shown in cross section in Fig. 5–6:

Pressurized fluid represented at "A" enters a valve housing and is blocked by a rotatable plug having a main passage (k) passing directly therethrough and an

**1380**

auxiliary passageway (r) at right angles thereto. In closed position, as illustrated, a sealing element (q, m), slidable in cavity (l), is acted on by pressurized fluid through (r) to urge it against the outlet to provide a seal. The valve is opened by rotating the plug to align passageway (k) with the inlet and outlet. Lecq states that the valve "include[s] a stop [not illustrated] to determine the open and close positions."

Strudel discloses a single outlet valve with a means to limit rotation of its valve plug between its opened and closed positions. The rotation limiting means includes the same structural elements recited in appellant's claim 2.

The board considered a rejection of both claims as unpatentable under Section 103 over Suczek and Lecq in view of Strudel to be the most comprehensive made by the examiner. In affirming, it reasoned as follows:

> Suczek discloses a plug type valve structure having a single inlet and two outlet ports. The plug has passageways therethrough and a floating seal in one such passageway to selectively seal the outlet port not being used. Although the passageways through the plug do not have a right angular relationship, we do not consider this to be a patentable distinction. The reason why the passageways in the Suczek device are not at right angles to each other is the presence of the central support member "k". A valve plug without such member, permitting right angularly related passageways, is illustrated by the Lecq patent. We consider the use of such a plug structure in the Suczek valve an obvious carrying forward of the teachings of the Lecq patent. Moreover, we consider the conversion of the Lecq valve structure to a two-outlet structure of the type suggested by the Suczek patent an obvious carrying forward of the teachings of the latter patent.

It further considered that it would have been obvious to add a rotation limiting means as disclosed by Strudel to either the Lecq or Suczek plug member.

### OPINION

Appellant argues that the examiner and board relied on hindsight to reconstruct the invention. He goes on to mention features that each particular reference lacks rather than advance reasons why it would not have been obvious to supply those features from the references that do disclose them.

We find no merit in the charge of reliance on hindsight. Rather, we agree with the board that the modification of Suczek in the manner it pointed out would have been obvious and would provide the structure appellant claims.

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.